ALVARO R. CALDERÓN, JUNIOR, Miembro de la Junta Estatal de Elecciones en representación del Partido Unión Puertorriqueña y ETIONY ALDARONDO GALVÁN, Miembro de la Junta Estatal de Elecciones en representación del Partido del Pueblo, apelantes, v. JUNTA ESTATAL DE ELECCIONES DE PUERTO RICO, WALTER BUSÓ, SUPERINTENDENTE GENERAL DE ELECCIONES, INTERINO.

*Número:* 25    *Resuelto:* 11 de septiembre de 1972

*Alvaro R. Calderón, Jr., pro se,* y *Etiony Aldarondo Galván, pro se,* ambos miembros de la Junta Estatal de Elecciones; *Gilberto Gierbolini, Procurador General,* abogado de la Junta Estatal de Elecciones.

DECISIÓN DEL JUEZ PRESIDENTE SEÑOR LUIS NEGRÓN FERNÁNDEZ

(Dada en corte abierta el 11 de septiembre de 1972.)

La siguiente es la Decisión que el Juez Presidente emite en este Recurso, que envuelve una Apelación interpuesta de conformidad con las disposiciones pertinentes de la Ley Electoral por los miembros de la Junta Estatal de Elecciones que en la misma representan a los Partidos Políticos Unión Puertorriqueña y del Pueblo, Lcdo. Alvaro Calderón, Jr., y el Profesor Etiony Aldarondo Galván, respectivamente.

La decisión objeto del presente Recurso fue en el sentido de que en adición a las listas electorales oficiales que la Junta entregaría a los diferentes partidos políticos de conformidad con las disposiciones de la ley, se pusiera a disposición de todos los partidos la cinta magnética o *tape* que utilizan las máquinas electrónicas para preparar las listas electorales, a fin de que pudieran reproducirla y sacar copias adicionales de dichas listas. En esa misma sesión de la Junta, celebrada el 31 de agosto pasado, se acordó por unanimidad que el Superintendente entregara a cada uno de los partidos políticos una copia de listas alfabetizadas por municipios, y por precintos en caso de que el municipio tuviera más de un precinto.

Después del debido estudio de la cuestión planeada, a la luz de las disposiciones de ley; examinada la transcripción del récord y antecedentes elevados en este Recurso y luego de oída la argumentación oral de las partes en el día de hoy, el

Juez Presidente es de opinión que debe dejar sin efecto—como por la presente lo hace—la decisión apelada, por los siguientes fundamentos:

## I

Los partidos políticos, tanto los partidos principales como los partidos por petición debidamente inscritos, tienen igualdad de derechos ante la ley.

La Junta Estatal de Elecciones es el organismo responsable de la inspección y dirección de todo lo concerniente a la inscripción de electores y a las elecciones en Puerto Rico y ejerce su autoridad conforme a las disposiciones de la Ley Electoral y de otras leyes relacionadas con el proceso electoral y de las Reglas y Reglamentos que de conformidad con las mismas adopte.

Si la Junta Estatal de Elecciones considera, en el ejercicio de esa autoridad, que está justificado—en el interés público y del proceso electoral—el que los partidos políticos tengan, en adición a las copias de las listas electorales que la ley dispone les sean suministradas, otras listas, o más copias de aquellas, y así lo acuerda, entonces todos los partidos políticos—no importa el estimado o el potencial de su fuerza electoral—tendría derecho al trato igual que la ley provee para todos.

En tal caso, no sería el producto a medias—de un *tape* o cinta magnética, que requeriría su final elaboración en máquinas electrónicas, según cada partido pudiera hacerlo de acuerdo a su capacidad económica—a lo que tendría derecho cada partido político por igual, sino al producto finalmente elaborado, que en este caso serían las listas electorales en sí, terminadas, y no las cintas magnéticas solamente, que constituyen sólo un proceso intermedio o fase inconclusa de la preparación de las listas propiamente dichas.

■ .En ausencia. de tal acuerdo, tendría que cumplir cada partido interesado, en el ejercicio del derecho a obtener copias certificadas de las listas electorales que le reconoce la Sec. 35 de la Ley Electoral—16 L.P.R.A. sec. 85—con aquel requisito dispuesto en la misma para la obtención de tales copias, mediante la cancelación en sellos de rentas internas de los derechos dispuestos por ley para ello.

## II

La verdadera igualdad de derechos entre los partidos políticos—proclamada por la Ley Electoral—no se logra con la paridad de la ayuda económica básica que el Estado en cierta forma presta durante el período pre-eleccionario a todos los partidos a través del Fondo Electoral, creado por ley, en una suma inicialmente igual para todos y en una suma adicional que se determina en proporción a la fuerza electoral de cada uno, según resulte de los comicios.

La verdadera igualdad, en justo derecho, es una de razonable oportunidad para competir ante la totalidad del electorado, sin agravar las desventajas resultantes de la disparidad económica de sus afiliados o simpatizadores, para contribuir con fondos particulares a la organización política de su preferencia; desigualdad económica que el Fondo Electoral, en la realidad competitiva de las actuales campañas para allegar adeptos en nuestro tiempo—cada vez. más complejas y sofisticadas—no logra por sí solo desvanecer.

## III

Toda actividad electoral de un partido es, por el objetivo inherente a su existencia misma, una de proselitismo político; esto es, con el fin de ganar adeptos a sus programas y a sus candidatos, a la vista de unas elecciones para formar gobierno. El establecimiento de múltiples centros de orienta-

ción por parte de los partidos políticos es una de las maneras en que pueden llevar a cabo esa actividad de proselitismo.

Aunque tal actividad es parte del derecho que todo partido político puede ejercer, y que la ley no le veda, el establecimiento de centros de orientación al electorado para ilustrarlo en cuanto a la manera de ejercer el derecho al voto y a cómo votar—sin influir en su libertad de pensamiento para hacerlo —podría darla el Estado, a través de su organización electoral oficial, sin que tuviera que depender el electorado de la iniciativa, organización y capacidad económica de los partidos políticos, a los cuales, desde luego, no se le puede coartar ese derecho.

EN CONSIDERACIÓN A LO ANTERIOR, *se declara con lugar el Recurso interpuesto y en consecuencia se deja sin efecto la decisión apelada, y se devuelve el caso a la Junta para la acción que ésta estime procedente compatible con lo expuesto.*

Dada en Corte Abierta, en San Juan, de Puerto Rico, a 11 de septiembre de 1972.

NOTIFIQUESE.

Lo decretó y firma

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

CERTIFICO:

(Fdo.) José L. Carrasquillo
*Secretario General*